ASSESSMENT REVALUATION COSTS — SCHOOL DISTRICT SHARE
A school district may be required to pay a portion of the County Assessor's cost of the comprehensive revaluation program as authorized by 68 O.S. 5201 [68-5201], 68 O.S. 5204 [68-5204] (1971), which is to occur at least once every five (5) years. The Attorney General has considered your opinion request wherein you ask the following question: "May a school district be required to pay a portion of the County Assessor's cost of the revaluation program after January 1, 1972?" Title 68 O.S. 5201 [68-5201] (1971) (House Bill 1229, Second Session, 31st Legislature, Chapter 153 O.S.L. 1968) provides as follows: "Each County Assessor shall commence immediately if possible, but no later than January 1, 1969, a comprehensive program of revaluation of all taxable property within his respective county. Such program shall progress at a rate which will result in the revaluation of all taxable property within the county before January 1, 1972. Each assessor shall thereafter maintain an active and systematic program of revaluation on a continuous basis, and shall establish a revaluation schedule which will result in revaluation of all taxable property within the county at least once each five (5) years. A copy of such revaluation schedule showing the time and procedures to be followed in completing the first revaluation of property in his county by January 1, 1972, shall be filed by each assessor with the Oklahoma Tax Commission before October 15, 1968." (Emphasis added) Title 68 O.S. 5204 [68-5204] (1971) provides as follows: "The cost of the comprehensive program of revaluation shall be paid by those who receive the revenues of the mill rates levied on the property of the county in the following manner: The county assessor shall prepare a special budget for such comprehensive program of revaluation and file the same with the county equalization and excise board. That board shall apportion such cost among the various recipients of revenues from the mill rates levied, including the county, all cities and towns, all school districts and all sinking funds of such recipients, in the ratio which each recipient's total tax proceeds collected from its mill rates levied for the preceding year bears to the total tax proceeds of all recipients from all their mill rates levied for the preceding year . . . ." (Emphasis added) There exists no question that a school district may be required to pay a portion of the cost of said revaluation program, the question being whether such payment can be required after January 1, 1972 which was, pursuant to Section 5201, the deadline for the first phase of revaluation of all taxable property within each county. It is noted that the foregoing law requires each county assessor to maintain an active and systematic program of revaluation on a continuous basis which will result in a revaluation of all taxable property within the county at least once each five (5) years. Accordingly, a school district may be required to pay a portion of that cost as part of such a continued, comprehensive program, the date of January 1, 1972, existing only as a deadline for the first phase of revaluation. Section 68 O.S. 5204 [68-5204], which provides for the payment of revaluation costs contains no date, which circumvents a school district's participation in payment of the aforesaid costs: Therefore, it is the opinion of the Attorney General that a school district may be required to pay a portion of the County Assessor's cost of the comprehensive revaluation program as authorized by 68 O.S. 5201 [68-5201], 68 O.S. 5204 [68-5204] (1971), which will occur at least once every five (5) years. (Larry L. French)